On November 18, 1998, appellant was stopped and arrested for Driving While Intoxicated, Improper Lane Usage, and Failure to Wear a Seat Belt. Appellant submitted to a BAC test, with result of .145. On November 25, 1998, appellant appeared in court on his initial appearance and appealed the ALS suspension of his driver's license. He claimed that the officer lacked probable cause to believe he was driving while intoxicated before administering the breath test, and that his initial appearance was not timely. The court overruled his motion. Appellant assigns one error:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S TIMELY "APPEAL" OF THE ALS IMPOSED 11/18/98.
Appellant first argues that the court erred in finding that the officer had probable cause to believe he committed the offense of driving while intoxicated before the officer administered the breath test. He relies on BMV Form 2255, which states that the reasonable grounds of OMVI before administration of the test was improper lane usage. However, in addition to that statement on the BMV form, the court had before it on the day of the initial appearance the impaired driver report and the officer's statement of the facts. These reports reflected that the officer observed appellant driving off the right side of the roadway three times, and weaving continuously from side to side. While speaking to appellant, the officer detected a strong odor of alcohol. Appellant told the officer he drank two beers. He was then asked to perform field sobriety tests, which he performed poorly. This was sufficient to demonstrate that the officer had reasonable grounds to believe appellant had committed the offense of OMVI before the officer administered the breath test. Appellant also argues his initial appearance was untimely, as it was not held within five days as required by R.C. 4511.196(A). In the instant case, the initial appearance was seven days after appellant's arrest and receipt of the summons. Crim.R. 45 (A) provides: (A) Time: Computation
In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.
In the instant case, the period of time prescribed is less than seven days, and therefore intermediate Saturdays and Sundays are excluded from the time computation. Appellant was arrested on November 18, 1998. His initial appearance was on November 25, 1998. November 21 and 22 were Saturday and Sunday. Therefore, appellant's initial appearance was held five days after his arrest, computed according to the applicable rule concerning computation of time. The assignment of error is overruled.
The judgment of Licking County Municipal Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur